IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION,<br><br>        Plaintiff,<br><br>v.<br><br>1ST CHOICE RENOVATIONS AND CONSTRUCTION, INC., THE 1 EDUCATORS, INC., and GREGORY LASHON ALLEN,<br><br>        Defendants. | Civil Action File<br>No. _____ |

## COMPLAINT FOR DAMAGES

Plaintiff Fifth Third Bank, National Association hereby files its Complaint for Damages against 1st Choice Renovations and Construction, Inc., The 1 Educators, Inc., and Gregory Lashon Allen, as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff Fifth Third Bank, National Association ("Fifth Third") is a national banking association with its principal office located in Cincinnati, Ohio. Fifth Third is a citizen of Ohio.

2. Defendant 1st Choice Renovations and Construction, Inc. ("1st Choice") is a corporation incorporated under the laws of the State of Georgia with its principal place of business located in Lawrenceville, Gwinnett County, Georgia.

48182018 v1

1st Choice is a citizen of Georgia. 1st Choice may be served with process through its registered agent, Alysia Allen, located at 925 River Centre Place, Lawrenceville, Georgia 30043, or wherever else she may be found.

3. Defendant The 1 Educators, Inc. ("The 1 Educators") is a corporation incorporated under the laws of the State of Georgia with its principal place of business located in Lawrenceville, Gwinnett County, Georgia. The 1 Educators is a citizen of Georgia. The 1 Educators may be served with process through its registered agent, Alysia Allen, located at 925 River Centre Place, Lawrenceville, Georgia 30043, or wherever else she may be found.

4. Defendant Gregory Lashon Allen ("Allen") is an individual citizen of Georgia. Allen may be served at 1229 Avington Glen Drive, Lawrenceville, Georgia 30045, or wherever else he may be found.

5. This Court has personal jurisdiction over 1st Choice, The 1 Educators, and Allen (collectively, "Defendants"), who are each citizens of Georgia.

6. This Court has subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as Fifth Third and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and N.D. Ga. L.R. 3.1(B), as Defendants reside, and the cause of action arose, within the Northern District of Georgia, Atlanta Division.

## II.   FACTUAL BACKGROUND

A.   <u>The 1 Educators Loan Documents</u>

8. On or about July 11, 2019, The 1 Educators executed and delivered to Fifth Third that certain Demand Note of even date in the face amount of $50,000.00 (the "Demand Note"), memorializing a loan made by Fifth Third to The 1 Educators in the same amount. A true and correct copy of the Demand Note is attached hereto as Exhibit A.

9. The Demand Note is guaranteed by, amongst other things, that certain Continuing Guaranty Agreement executed by Allen in favor of Fifth Third dated July 11, 2019 (the "The 1 Educators Guaranty"). A true and correct copy of The 1 Educators Guaranty is attached hereto as Exhibit B.

10. Fifth Third is the holder of the Demand Note, The 1 Educators Guaranty, and all documents executed in connection therewith or pursuant thereto (collectively, the "The 1 Educators Guaranty Loan Documents").

B.   The 1st Choice Loan Documents

11.   1st Choice opened that certain corporate credit card account with an account number ending in *8720, pursuant to a Commercial Card Service Agreement executed by 1st Choice and Fifth Third dated March 25, 2020 (the "Credit Card Agreement").  A true and correct copy of the Credit Card Agreement is attached hereto as Exhibit C.

12.   1st Choice borrowed money under the Credit Card Agreement.

13.   On or about May 21, 2020, 1st Choice executed and delivered to Fifth Third that certain Term Note of even date in the face amount of $480,000.00 (the "Term Note"), memorializing a loan made by Fifth Third to 1st Choice in the same amount.  A true and correct copy of the Term Note is attached hereto as Exhibit D.

14.   The Term Note and the Credit Card Agreement are guaranteed by, amongst other things, that certain Continuing Guaranty Agreement executed by Allen in favor of Fifth Third dated May 21, 2020 (the "1st Choice Guaranty" and, collectively with The 1 Educators Guaranty, the "Guarantees").  A true and correct copy of the 1st Choice Guaranty is attached hereto as Exhibit E.

15.   Fifth Third is the holder of the Credit Card Agreement, the Term Note, the 1st Choice Guaranty, and all documents executed in connection therewith or pursuant thereto (collectively, the "1st Choice Loan Documents").

C. <u>The 1st Choice Defaults</u>

16. 1st Choice failed to pay the amounts owing under the Commercial Card Agreement as and when due and is in default of the Commercial Card Agreement.

17. Allen failed to pay the amounts owing under the Credit Card Agreement and the 1st Choice Guaranty as and when due and is in default of the 1st Choice Guaranty.

18. By letter dated November 10, 2021, Fifth Third provided Notice of Default, Notice of Cure Under Term Note, and Demand for Strict Compliance to 1st Choice and Allen as a result of 1st Choice and Allen's failures to pay the amounts owing under the Commercial Card Agreement as and when due (the "First 1st Choice Notice of Default"). A true and correct copy of the First 1st Choice Notice of Default is attached hereto as Exhibit F.

19. The First 1st Choice Notice of Default further notified 1st Choice and Allen that the failure to cure the default under the Credit Card Agreement within 10 days after written notice from Fifth Third to 1st Choice of such default constitutes an Event of Default under the Term Note.

20. 1st Choice and Allen failed to cure the default under the Credit Card Agreement within 10 days of the date of the First 1st Choice Notice of Default.

5

21. By letter dated November 24, 2021, Fifth Third provided Second Notice of Default to 1st Choice and Allen (the "Second 1st Choice Notice of Default"), in which it notified 1st Choice and Allen of the occurrence of an Event of Default under the Term Note due to their failure to cure the default under the Credit Card Agreement within 10 days after the First 1st Choice Notice of Default. A true and correct copy of the Second 1st Choice Notice of Default is attached hereto as Exhibit G.

22. The Second 1st Choice Notice of Default further notified 1st Choice and Allen, pursuant to O.C.G.A. § 13-1-11, that Fifth Third intended to enforce the attorneys' fees provisions in the 1st Choice Loan Documents and they had ten (10) days from receipt of the Second 1st Choice Notice of Default in which to pay the sums due, as well as any additional interest or other charges that might accrue prior to the tender of payment in full without also being liable for attorneys' fees.

23. 1st Choice and Allen did not pay all amounts due and owing under the 1st Choice Loan Documents within ten (10) days from receipt of the Second 1st Choice Notice of Default.

24. As of June 29, 2022, the amounts owing under the 1st Choice Loan Documents, exclusive of costs and attorneys' fees, was as follows:

48182018 v1

| Obligation | Principal | Interest | Late Fees | Total | Per Diem |
|---|---|---|---|---|---|
| Credit Card Agreement | $202,854.54 | $0.00 | $0.00 | $202,854.54 | $0.00 |
| Term Note | $444,788.36 | $1,589.76 | $141.17 | $466,519.29 | $45.22 |
| **TOTAL** | $647,642.90 | $1,589.76 | $141.17 | **$669,373.83** | $45.22 |

D.   The 1 Educators Defaults

25.   By letter dated November 10, 2021, Fifth Third provided Notice of Demand to The 1 Educators and Allen and demanded payment of all amounts owed under the Demand Note and the 1 Educators Guaranty, which are due and payable in full upon the demand of Fifth Third (the "First The 1 Educators Notice of Demand").  A true and correct copy of the First The 1 Educators Notice of Demand is attached hereto as Exhibit H.

26.   The First The 1 Educators Notice of Demand further notified The 1 Educators and Allen, pursuant to O.C.G.A. § 13-1-11, that Fifth Third intended to enforce the attorneys' fees provisions in the The 1 Educators Loan Documents and they had ten (10) days from receipt of the First The 1 Educators Notice of Demand in which to pay the sums due, as well as any additional interest or other charges that might accrue prior to the tender of payment in full without also being liable for attorneys' fees.

48182018 v1

27. The 1 Educators and Allen did not pay all amounts due and owing under The 1 Educators Loan Documents within ten (10) days from receipt of the First The 1 Educators Notice of Demand.

28. By letter dated November 24, 2021, Fifth Third provided Second Notice of Demand to The 1 Educators and Allen (the "Second The 1 Educators Notice of Demand"), in which it notified The 1 Educators and Allen that they were now liable for Fifth Third's reasonable attorneys' fees. A true and correct copy of the Second The 1 Educators Notice of Demand is attached hereto as Exhibit I.

29. As of June 29, 2022, the amounts owing under The 1 Educators Loan Documents, exclusive of costs and attorneys' fees, was as follows

| Principal | Interest | Total | Per Diem |
|---|---|---|---|
| $46,864.24 | $622.39 | $47,486.63 | $9.26 |

### III.  CAUSES OF ACTION

#### COUNT I
<u>Breach of the Credit Card Agreement (Against 1st Choice)</u>

30. Fifth Third re-alleges and incorporates by reference the allegations in Paragraphs 1 through 7, and 11 through 24.

31. 1st Choice is in default of its obligations under the Credit Card Agreement by failing to pay the amounts owing under the Credit Card Agreement as and when due.

32. 1st Choice is liable to Fifth Third under the Credit Card Agreement for the balance of $202,854.54.

33. Additionally, 1st Choice is liable to Fifth Third for its reasonable attorneys' fees in connection with the Credit Card Agreement, pursuant to O.C.G.A. § 13-1-11.

## COUNT II
### Breach of the Term Note (Against 1st Choice)

34. Fifth Third re-alleges and incorporates by reference the allegations in Paragraphs 1 through 7, and 11 through 24.

35. 1st Choice is in default of its obligations under the Term Note by failing to cure the default under the Credit Card Agreement within 10 days after written notice from Fifth Third to 1st Choice of such default.

36. 1st Choice is liable to Fifth Third under the Term Note for the principal balance in the amount of $444,788.36, accrued interest in the amount of $1,589.76 as of June 29, 2022, per diem interest after June 29, 2022, and through judgment in the amount of $45.22, and late fees in the amount of $141.17.

37. Additionally, 1st Choice is liable to Fifth Third for its reasonable attorneys' fees in connection with the Term Note, pursuant to O.C.G.A. § 13-1-11.

## COUNT III
### Breach of the Demand Note (Against The 1 Educators)

38. Fifth Third re-alleges and incorporates by reference the allegations in Paragraphs 1 through 10, and 25 through 29.

39. The 1 Educators is in default of its obligations under the Demand Note by failing to pay the amounts owing under the Demand Note upon demand by Fifth Third.

40. The 1 Educators is liable to Fifth Third under the Demand Note for the principal balance in the amount of $46,864.24, accrued interest in the amount of $622.39 as of June 29, 2022, per diem interest after June 29, 2022, and through judgment in the amount of $9.26.

41. Additionally, The 1 Educators is liable to Fifth Third for its reasonable attorneys' fees in connection with the Demand Note, pursuant to O.C.G.A. § 13-1-11.

## COUNT IV
### Breach of the Guarantees (Against Allen)

42. Fifth Third re-alleges and incorporates by reference the allegations in Paragraphs 1 through 29.

43. Allen is in default of his obligations under the Guarantees for failing to pay the amounts owing under the Credit Card Agreement, the Term Note, and the Demand Note as and when due.

44. Allen is liable to Fifth Third under the 1st Choice Guaranty and the Credit Card Agreement for the balance of $202,854.54.

45. Allen is liable to Fifth Third under the 1st Choice Guaranty and the Term Note for the principal balance in the amount of $444,788.36, accrued interest in the amount of $1,589.76 as of June 29, 2022, per diem interest after June 29, 2022, and through judgment in the amount of $45.22, and late fees in the amount of $141.17.

46. Allen is liable to Fifth Third under The 1 Educators Guaranty and the Demand Note for the principal balance in the amount of $46,864.24, accrued interest in the amount of $622.39 as of June 29, 2022, per diem interest after June 29, 2022, and through judgment in the amount of $9.26.

47. Additionally, Allen is liable to Fifth Third for its reasonable attorneys' fees in connection with the Guarantees, pursuant to O.C.G.A. § 13-1-11.

**NOW WHEREFORE**, Fifth Third prays for the following relief:

(a) that summons issue as to Defendants;

48182018 v1

(b)　that final judgment be entered against 1st Choice and Allen, jointly and severally, as follows: (i) on the Credit Card Agreement for the balance of $202,854.54; and (ii) on the Term Note for the principal balance in the amount of $444,788.36, accrued interest in the amount of $1,589.76 as of June 29, 2022, per diem interest after June 29, 2022, and through judgment in the amount of $45.22, and late fees in the amount of $141.17;

(c)　that final judgment be entered against The 1 Educators and Allen, jointly and severally, on the Demand Note for the principal balance in the amount of $46,864.24, accrued interest in the amount of $622.39 as of June 29, 2022, per diem interest after June 29, 2022, and through judgment in the amount of $9.26

(d)　that such final judgments include an award for attorneys' fees and costs pursuant to O.C.G.A. § 13-1-11;

(d)　an order taxing all costs on Defendants;

(e)　post-judgment interest at the default rates of interest as provided for in the 1st Choice Loan Documents and The 1 Educators Loan Documents; and

(f)　for all other relief this Court deems proper.

[SIGNATURE APPEARS ON THE FOLLOWING PAGE.]

This 30th day of June, 2022.

        **BURR & FORMAN LLP**

        */s/ Brian J. Levy*
        Brian J. Levy
        Georgia Bar No. 302518
        blevy@burr.com
        171 17th Street NW
        Suite 1100
        Atlanta, Georgia 30363
        Telephone: (404) 815-3000
        Facsimile: (404) 817-3244

        COUNSEL FOR PLAINTIFF FIFTH THIRD BANK, NATIONAL ASSOCIATION